UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br>    Plaintiff,<br>  v.<br>ROBINSON,<br>    Defendant. | Case No. 09-cr-00478-SI-1<br><br>**FIRST ORDER ON RESTITUTION**<br>Re: Dkt. No. 72 |

Presently before the Court is *pro se* defendant Matthew Robinson's motion for termination of restitution, based on his changed circumstances. Dkt. No. 72. The Court finds that the record is currently insufficient to make a ruling on the request, and accordingly will order that the materials described below be provided to the Court. If these materials are produced and are satisfactory, the Court will reduce the amount of the monthly payments defendant must make from $100 per month to $50 per month. However, defendant will remain jointly and severally liable for his $39,314 payment obligation.

**BACKGROUND**

Between June 15, 2006 and June 13, 2008, defendant Matthew Robinson robbed or attempted to rob six banks, four of them with his co-conspirator Vincent Mertes. He obtained $39,314 during those robberies. *See* Dkt. No. 27 (plea agreement). Defendant pleaded guilty to six counts of robbing or attempting to rob a bank, in violation of 18 U.S.C. § 2113(a). Defendant also agreed, pursuant to a negotiated plea agreement, to pay restitution to the financial institution victims of his crimes. Defendant was sentenced to 60 months in custody. While incarcerated, defendant participated in the BOP's Inmate Financial Responsibility Program ("IFRP"). The

Court ordered payment of the special assessment and restitution as follows:

> Payment in monthly installments of $100.00, to commence 60 days after release from imprisonment to a term of supervision . . . .
>
> While incarcerated, payments of not less than $25 per quarter, shall be paid towards the special assessment through the BOP Inmate Financial Responsibility Program and another payment of not less than $25 per quarter, shall be paid towards restitution through the Inmate Financial Responsibility Program . . . .

In total, the Court ordered defendant to pay $39,914 joint and several restitution to his victims. According to the government, defendant has paid $2,200 in restitution since February 5, 2014. He has also paid his entire $600 special assessment. Dkt. No. 75 at 2. The Court commends defendant on his timely payments.

## LEGAL STANDARD

18 U.S.C.A. § 3664(f)(3)(A) provides that "[a] restitution order may direct the defendant to make a single, lump-sum payment, partial payments at specified intervals, in-kind payments, or a combination of payments at specified intervals and in-kind payments." 18 U.S.C.A. § 3664(h) further directs that "[i]f the court finds that more than 1 defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant." Finally, 18 U.S.C.A. § 3664(k) states:

> A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim**. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances.** Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

## DISCUSSION

The Court finds that defendant has articulated a change in circumstance. He states that he now has a 14-month-old child to provide for, as well as two additional stepchildren. He states that

2

he currently makes $13.30 per hour. Dkt. No. 72. The Court finds that these factors, if supported factually, do constitute a material change in defendant's economic circumstances, and would warrant a $50 reduction in his monthly payment amounts. This case is dissimilar to a situation where a condition, known to the Court at the time of sentencing, remained in effect at the time a defendant moved the Court to amend or reduce restitution. *See, e.g.*, *United States v. Soroka*, 508 F. Supp. 2d 869, 871 (D. Or. 2007) (citing *United States v. Vega*, No. CR04-0413MJP, 2007 WL 1655229, at *1 (W.D. Wash. June 6, 2007)).

## CONCLUSION

Before the Court can adjust defendant's payment schedule the Attorney General must certify the appropriate notification has been provided to the victims. The Court **ORDERS** the Attorney General to provide such notice to the victims and certify same to the Court. Additionally, the Court **ORDERS** defendant to file, under seal or via confidential mail to the Court, evidence of the birth of his youngest child, as well as any additional documentation that might satisfy the Court of his changed circumstance; namely, parental payment obligations.

**IT IS SO ORDERED**.

Dated: May 17, 2016

_____
SUSAN ILLSTON
United States District Judge